**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re<br><br>Christopher J. Cameron<br>& Mary E. Cameron,<br><br>Debtors | Case No. 12-10891<br><br>Chapter 13 |

### ORDER GRANTING IN PART SECOND FEE APPLICATION
### OF PERRY O'BRIAN, ESQ.

Perry O'Brian, Esq., filed the Second Application for Compensation of Legal Services [Dkt. No. 78] (the "Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. In the absence of timely objections or other responses to the Fee Application, the Court has reviewed the Fee Application and the docket in this case.

Based upon this review, and in light of the factors set forth in 11 U.S.C. § 330(a)(3), the Court grants the Fee Application in part, but awards compensation less than that requested. *See* 11 U.S.C. § 330(a)(2). First, the Court disallows compensation for the 0.4 hours ($90.00) that Attorney O'Brian billed for attending the October 3, 2013 hearing on a prior fee application and for preparing and filing a revised order on that fee application. Based on the recording of that hearing, it appears that the hearing was only necessary because Attorney O'Brian billed 3.2 hours for preparation of that prior fee application. *See* [Dkt. No. 59]. The debtors' estate should not be charged for work that is required to resolve an improper billing issue. Second, the Court disallows compensation for the 0.3 hours ($67.50) that Attorney O'Brian billed on July 27, 2017

for attending a hearing on the trustee's motion to dismiss. The docket does not show that the Court held a hearing on the motion to dismiss on that date.

The sum of the foregoing fees disallowed is $157.50. Perry O'Brian, Esq., is therefore awarded $1,364.50 (computed as $1,522.00 less $157.50) as reasonable compensation for actual, necessary services rendered between August 27, 2013 and August 18, 2017. He is also awarded $33.60 as reimbursement for actual, necessary expenses, for a total award of $1,398.10. This award is made under 11 U.S.C. § 331, and is subject to revision on a final fee application by Attorney O'Brian in this case. Moreover, to the extent that the trustee pays all or a part of the fees and expenses awarded by this order, such payment is subject to disgorgement by Attorney O'Brian if the amount of fees and expenses ultimately allowed under 11 U.S.C. § 330 exceeds the amount of the trustee's payment.

Date: September 21, 2017

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine